HOXIE (UNITED STATES v.). See Case No. 15,407.

HOY v. The JOSEPH STEWART. See Case No. 13,070.

HOYE (STIEBER v.). See Case No. 13,441.

HOYL (AULD v.). See Case No. 652.

---

## Case No. 6,803.

### In re HOYLE.

[9 Am. Law Rec. 65; 1 Cr. Law Mag. 472; 12 Chi. Leg. News, 279.]

District Court, D. California. 1879.

FEDERAL AND STATE COURTS — CONFLICTS OF JURISDICTION—HABEAS CORPUS—INTERSTATE EXTRADITION.

[1. A federal court will not presume, before the event, that a state court will disobey the act of congress relating to the rendition of fugitives from justice from other states (14 Stat. 385), when it shall be made to appear to such state court that the alleged fugitive is held under authority of the federal statute.]

[2. A person charged with crime in another state and arrested in California by the state authorities, under the provisions of the Penal Code, to await the requisition of the governor of such other state and the issuance of a warrant of extradition by the governor of California, pursuant to the act of congress, cannot be said to be held under the authority of the United States, so as to authorize the issuance by a federal court of a writ of habeas corpus to inquire into the legality of his detention.]

HOFFMAN, District Judge. Whatever be the limit or scope of the act, there is no question but in the United States courts we are distinctly limited by the statute which confers the power on us. The first question, and that on which the circuit judge entertained some doubt, and called my attention to it, is that application for writs of habeas corpus shall be made to the court of justice, authorized to issue the same by complaint in writing, signed by the person for whose

relief it is intended. Section 760, Rev. St., provides that the petitioner or the party imprisoned or restrained may deny any of the facts, seeming to contemplate that the petitioner may be one person and the party restrained another. I should be very reluctant to give so narrow a construction of this act as will preclude from its benefits all persons who are by the circumstances of their restraint deprived of the opportunity of signing the petition, and where good cause is shown that the petition could not be signed. But here I have an application admitted to be novel, perhaps without precedent. It is to take a man from the possession of the sheriff, who holds him under a warrant of a court having competent jurisdiction to inquire preliminarily into the matter, and hand him over to certain persons who claim to be entitled to his custody, under a warrant issued by the governor of this state in compliance with a requisition from the governor of the state of Georgia. The application is admitted to be without precedent. There are cases bearing some analogy where a man who has been held in custody by the marshal, and has been taken out of the custody of the marshal, under a warrant from the state court. That is a clear contempt of the authority of the original tribunal which committed him, and the court would, in habeas corpus, recover possession of the prisoner and restore the custody to the marshal, as it appears they have done. So in the case of a man convicted under the same jurisdiction and imprisoned. The court brings him before it for further sentence by habeas corpus, in the same way as it would by habeas corpus if his testimony was required, there being no conflict of jurisdiction, and the whole proceeding being a process by which a man confined in custody under the authority of a sovereign power can receive further sentence. I presume the same object might be effected by a simple order of the court, or direction to the jailer to bring the prisoner before the court, there being no conflict of jurisdiction, and it being a mere modus operandi of bringing a person confined in prison, and subject to jurisdiction, before the court.

I am now asked to decide that this writ may be issued to take a person, contrary to his will, from the custody in which he is content to remain, and to hand him over to other persons who claim the right to hold him. I must first observe that no action of this court can be founded on any presumption that the state court is not as competent and as willing to observe the laws as this court. My personal knowledge of the judges induces me to say as much, and any other presumption or ground of action on my part would be ungracious, and inconsistent with the comity which prevails between tribunals exercising separate and independent powers within the same territorial limits. I do not doubt myself that if it shall be made to appear to the court at Los Angeles that this party is held under the authority of the United States, or under color of that authority, that they will say that they have no power to proceed further. The exercise of that authority can only be examined into by the tribunals of the sovereign whose authority is exercised. I hope they will not disregard the emphatic decision of the supreme court. The supreme court have, in several cases, gone so far as to advise the marshal holding a person in custody, that he should disregard a writ of habeas corpus, or any warrant from a state court, but should return the facts to the court without producing the party, and should resist any attempt on the part of the state court to take out of his custody any prisoner held under the laws and by the authority of the United States. The supreme court has gone so far as to hold that the state courts have no right to inquire into the legality of the enlistment or detention of a soldier or a sailor, and the circumstances of their right to be discharged can only be decided by a United States court. I take it for granted, therefore, when it is made to appear to that court that this man is held under the authority of the United States, that they will recognize the principles which have been laid down by the decisions of the supreme court of the United States, and will desist from any further action in the matter.

I do not see that it has yet been made to appear that the prisoner is held under the authority of the laws of the United States. The preliminary warrant under which he was arrested to await the requisition of the governor of Georgia, is a warrant issued under the laws of this state. The act of congress confers no power upon any officer to issue such a warrant. It comes into activity only where the governor shall have made the proper requisition, and the governor of the state shall have, pursuant to the act, issued his warrant of extradition. At present this man is held for embezzlement under the laws of the state of California,—an embezzlement which, it is admitted, was not committed here,—but he is held, under authority of our Penal Code, to arrest and hold a man awaiting the requisition of the governor. If the court, contrary to expectation, goes behind the fact, when it is made to appear that he is held by authority of the United States, it will be time enough to consider then what remedy the agents of the state of Georgia have. If they obtain the custody of the prisoner, and claim to hold him under the governor's warrants, under the act of congress, and he should be discharged by the state court, I do not say, then, that this court might not then have power to interfere. The better way, perhaps, will be to exhaust all remedy furnished by the state court, and, by a writ of prohibition, to endeavor to restrain the superior court from usurping a jurisdiction to discharge a prisoner held under the laws of the United States. At present this man

does not appear to be held by virtue of any authority derived from the United States. The sheriff's return is that he holds him under a preliminary warrant issued under the laws of this state, and under the order of the court of this state, issued under a writ of habeas corpus. It was plainly the right and duty of the state court to examine into the authority by which he was held. They are in the exercise of their undoubted jurisdiction in inquiring into the cause of his imprisonment. I do not perceive that as yet it can be made to appear that he is held under the governor's warrant. The agents of the state of Georgia, whom that warrant empowers to take and hold the prisoner, have not succeeded in obtaining possession, and do not now hold him. When a claim to his custody shall be set up under that warrant, it is to be presumed that the state court will recognize that the authority so claimed is under the constitution and laws of the United States precisely as heretofore in the case of a fugitive slave, and that the regularity and propriety of its exercise can only be inquired into in the national tribunal.

I decide this matter thus summarily, not because I desire to evade the exercise of any jurisdiction which this court may possess, but because the sheriff stands between two fires. He is not learned in the law. His official duty is to obey the orders of his immediate superiors. He is directed to do one thing by one court and another thing by another court. I shall relieve him of a divided duty, between which he is, at his peril, compelled to elect, and is placed in a dilemma from which he cannot escape without being in contempt of one court or the other. If it should at any time appear to the state court that this man is held under a warrant issued by the governor of the state, under the authority of the constitution and laws of the United States, it is to be presumed that that court will desist from any interference with the execution of those laws. Until such an authority is attempted to be exercised, it appears to me premature for this court to command the sheriff to bring the prisoner before it, and to enter into an inquiry founded upon the hypothesis that the state court is not going to obey the paramount law of the land.

Now, with regard to the pure technical question first adverted to, I think it open to grave doubt whether, under the narrow and restricted terms by which jurisdiction in cases of habeas corpus is conferred, whether the writ can be used to transfer a prisoner, contrary to his wishes, and on the application of parties claiming his custody, from the custody of the persons holding him to those who claim him. To apply the writ to such a purpose, the language of the statute must receive a very liberal construction. On this point, however, I express no opinion. It will arise when the agents of the state of Georgia have executed the warrant of the governor, and obtained possession of the prisoner, and an application to discharge him is made to the state tribunal. If he shall be liberated from the custody of the sheriff, I see no reason why the agents of the state of Georgia cannot take him under the warrant of the governor. And, if then he sues out a writ of habeas corpus to relieve him of that restraint, it may be that this court could interfere; but that question will only arise when the state courts, being advised that he is held under a warrant issued by the governor, shall proceed to inquire into the legality of his arrest. My judgment now is that the prisoner be remanded to the custody of the sheriff.

The prisoner was thereupon remanded to the custody of the sheriff of Los Angeles county.